ELGEE, INC., querellante y recurrente, *v.* SECRETARIO DE HACIENDA, querellado y recurrido.

*Número:* R-62-3     *Resuelto:* 17 de mayo de 1963

*Hernán R. Franco,* abogado de la recurrente; *J. B. Fernández Badillo, Procurador General,* y *Juan A. Faría, Procurador General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Elgee, Inc., una corporación organizada bajo las leyes de Puerto Rico, que se dedica a la manufactura de accesorios y adornos para el cabello, disfruta de exención contributiva bajo las disposiciones de la Ley de Exención Industrial de Contribuciones de 1948, Núm. 184 de 13 de mayo de 1948, 13 L.P.R.A. secs. 221 a 238. Entre las concesiones de exención contributiva industrial goza de exención de "contribuciones sobre el ingreso que . . . derive de la explotación de dicha industria exenta" (Sec. 4(a)(2), 13 L.P.R.A. sec. 225 (a)(2)).([1]) Para el año contributivo terminado en 10 de enero de 1958 dicha corporación obtuvo un beneficio neto en sus operaciones industriales exentas de $86,487.22 y tuvo además ingreso neto tributable de $5,068.46 proveniente de cánones recibidos por el arrendamiento de una parte del edificio donde tiene establecido su negocio. Por este último concepto pagó la suma de $1,064.37 por contribución sobre ingresos.

Durante el año 1959 la contribuyente sufrió una pérdida neta en las operaciones industriales exentas ascendente a $33,987.55, y en tal virtud archivó una declaración enmendada para el año anterior en la cual retrotrajo y reclamó como deducción esta pérdida neta, amparándose en las Secs. 23(s)(1)([2]) y 122(a)([3]) de la Ley de Contribución sobre

---

([1])La Sec. 1 de la Ley de Incentivo Industrial de Puerto Rico de 1954, Núm. 6 de 15 de diciembre de 1953, 13 L.P.R.A. sec. 241, contiene una disposición similar, al igual que la Sec. 1(a) del P. de la C. 686 actualmente bajo discusión en las cámaras legislativas.

Para conformar con esta exención, la Ley de Contribución sobre Ingresos de 1954 dispone en su Sec. 101(21), 13 L.P.R.A. sec. 3101(21), que: "Las siguientes organizaciones estarán exentas de tributación bajo esta ley . . . (21) Sujeto a los requisitos de la Ley Núm. 184, aprobada en 13 de mayo de 1948, de la Ley Núm. 6 aprobada en 15 de diciembre de 1953 y de cualquier otra ley que las sustituya o complemente y hasta el límite provisto en dichas leyes, las entidades que hayan obtenido u obtengan exención contributiva bajo tales leyes y las distribuciones de dividendos y beneficios hechas por dichas entidades."

([2])"Al computarse el ingreso neto se admitirán como deducciones: . . . (s) *Deducción por Pérdida Neta en Operaciones.—*(1) *Pérdidas correspondientes a años contributivos comenzados después del 31 de diciem-*

Ingresos de 1954, 13 L.P.R.A. secs. 3023(s)(1) y 3122(a). Solicitó por tanto el reintegro de la suma satisfecha por concepto de contribución sobre el ingreso neto tributable determinado en el año anterior. El Secretario de Hacienda denegó el reintegro solicitado. La corporación recurrente acudió al Tribunal Superior, que sostuvo finalmente la resolución administrativa.

■ La única cuestión planteada en este recurso se reduce a determinar si la contribuyente puede reclamar como deducción contra su ingreso neto *tributable* del año 1958 la pérdida neta en operaciones sufrida durante el siguiente año. Dicho en otra forma, si a los fines de la deducción de dicha pérdida debe considerarse como parte del ingreso el beneficio *exento* obtenido durante el año contributivo en que se reclama la pérdida. De prevalecer la primer proposición procedería ordenar el reintegro solicitado ya que la pérdida de $33,957.85 sobrepasaría el ingreso neto tributable de $5,068.46; (⁴) si, por el contrario, adoptáramos el segundo criterio, se sostendría la denegación del reintegro, pues el beneficio exento de $86,487.22 absorbería totalmente la pérdida sufrida.

■ La concesión de exención contributiva industrial se limita específicamente al ingreso que derive el contribuyente en la explotación de una industria exenta. (⁵) Aunque en la ley de 1948 no se define expresamente, puede adoptarse la

---

*bre de 1953.*—Para cualquier año contributivo comenzado después del 31 de diciembre de 1953, la deducción por pérdida neta en operaciones computada bajo la sección 122."

(³)"(a) *Definición de Pérdida Neta en Operaciones.*—Según se emplea en esta sección, el término, 'pérdida neta en operaciones' significa el exceso de las deducciones admitidas por esta Ley sobre el ingreso bruto, con las excepciones, adiciones y limitaciones provistas en el apartado (d)."

(⁴) Otra consecuencia sería que la recurrente conservaría una pérdida de $28,889.39 para arrastrar en los años subsiguientes contra su ingreso *neto tributable.* Sec. 122(b)(2) de la Ley de Contribución sobre Ingresos de 1954, 13 L.P.R.A. sec. 3122(b)(2).

(⁵) Cf. con la exención de las distribuciones de dividendos y beneficios hechas por una industria exenta, Sec. 6 de la Ley Núm. 184 de 13 de mayo de 1948, 13 L.P.R.A. sec. 227.

definición de ingreso de fomento industrial que contiene la Sec. 2 (a) de la Ley de Incentivo Industrial de 1954, 13 L.P.R.A. sec. 242 (a) y que, para nuestro caso, sería "el ingreso neto derivado de la producción de un producto manufacturado que motiva la exención de un negocio exento." Claro está que siempre sigue siendo un ingreso recibido por el contribuyente que tiene la obligación de informar al Secretario de Hacienda. A este respecto en la Sec. 13 de la Ley de Exención Contributiva de 1948, 13 L.P.R.A. sec. 234, se requiere a todo beneficiario de la exención que anualmente radique una declaración en relación con las operaciones de la industria objeto de exención independientemente de cualquier otra planilla que viniere obligada a rendir en relación con sus actividades o ingresos no exentos, y además, que mantenga separadamente la contabilidad relativa a la industria exenta. [6] En el presente caso parece claro que

[6] Igual disposición aparece en la Sec. 5 (e) (2) de la Ley de 1954, 13 L.P.R.A. sec. 245 (e) (2), y en la Sec. 5 (e) (2) del proyecto mencionado en el escolio 1.

Para implementar este requisito el Art. 101 (21)–1 (b) del Reglamento de la Ley de Contribución sobre Ingresos de 1954, 13 R.&R.P.R. sec. 3101 (21)–1 (b), dice:

"Toda persona natural o jurídica que posea una concesión de exención contributiva está obligada, bajo las disposiciones de las Leyes Núm. 184 y Núm. 6, a radicar anualmente ante el Secretario de Hacienda de Puerto Rico, conforme a la Ley de Contribuciones sobre Ingresos en vigor, e independiente del monto de su ingreso bruto o ingreso neto, una planilla separada de contribución sobre ingresos, además de la que pueda estar, de otro modo, obligada a rendir en relación con la operación de la industria u hotel objeto de la exención. Bajo las disposiciones de esas leyes y de la sección 54 de la Ley de Contribuciones sobre Ingresos de 1954, toda persona (según se define en la sección 411 (a) (1) ) que reclame exención bajo la sección 101 (21) deberá rendir para cada año contributivo una planilla de contribución sobre ingresos indicando específicamente las partidas de su ingreso bruto y de sus deducciones, y su ingreso neto, y deberá agregar a la planilla como parte de la misma, un informe indicando el nombre y la dirección de cada miembro de la corporación o sociedad y el monto de los dividendos o beneficios de sociedad pagados a cada uno durante dicho año. La planilla requerida bajo este artículo se limitará a las actividades cubiertas por la concesión de exención contributiva, y será sustituta de la planilla informativa, Forma 480.7, a que se refiere el artículo 101–1."

tanto el beneficio obtenido en 1958 como la pérdida sufrida en 1959 no figuran en las declaraciones rendidas por la recurrente informando su ingreso no exento. (⁷)

Nada encontramos en la ley, y tampoco nos lo ha señalado la recurrente, que autorice que al retrotraerse la pérdida se cargue primero contra el ingreso tributable. El hecho cierto es que durante el año 1958 la contribuyente tuvo ingresos netos de $92,555.68, e interpretando ambas leyes en conjunto, es más lógico concluir que la pérdida sufrida en 1959 se deduzca del ingreso neto total, y no meramente del ingreso neto tributable.

Además, como indica el Procurador General, si bien la Sec. 23 (s) (1), *supra*, autoriza la *deducción* del ingreso bruto de la pérdida neta en operaciones computada según la Sec. 122 (a), *supra*, a los fines de la determinación del ingreso neto tributable, no es menos cierto que la Sec. 24 (a) (5), 13 L.P.R.A. sec. 3024 (a) (5), específicamente dispone que "Al computarse el ingreso neto no se admitirán en caso alguno deducciones con respecto a: (1) . . . (2) . . . (3) . . . (4) . . . (5) Cualquier cantidad de otro modo admisible como una deducción que sea *atribuible a una o más clases de ingresos totalmente exentos* . . ." La recurrente insiste en que como no tuvo ingresos exentos en el año 1959 esta sección no es aplicable. Sin embargo, la misma disposición establece que la cantidad de otro modo admisible como deducción atribuible a ingresos exentos no será deducible "háyase o no recibido o ʾacumulado cantidad alguna de ingresos de esa clase o clases." En general, véase, Mertens, *Law of Federal Income Taxation*, Vol. 4, § 25.128, y especialmente la pág. 185 del suplemento acumulativo de 1962.

---

(⁷) La querella se sometió ante el tribunal de instancia por las admisiones en las alegaciones y los hechos durante una conferencia preliminar. No se presentaron en evidencia las planillas archivadas por la recurrente en ambos años contributivos.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 7 de diciembre de 1961.* ([8])

---

([8]) No es necesario que resolvamos ahora si la doctrina de interpretación restrictiva de las exenciones y deducciones en materia de contribuciones es incualificadamente aplicable al caso de los incentivos industriales. Meramente señalamos que ante la tradicional función de las leyes contributivas de allegar los fondos para el funcionamiento de gobierno habría que considerar un propósito público igualmente laudable de crear más fuentes de riqueza y mayores oportunidades de empleo en una isla superpoblada.